UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| IBRAHIM NASR IBRAHIM,<br><br>            Movant,<br><br>      vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | 4:26-CV-4034-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* motion of Ibrahim Nasr
Ibrahim to vacate, correct, or set aside his sentence pursuant to 28 U.S.C.
§ 2255. See Docket No. 1.[1]  This magistrate judge screened Mr. Ibrahim's
motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.
Because the court determined that Mr. Ibrahim's motion was likely untimely,
the court issued an order serving Mr. Ibrahim's motion on respondent, and
ordering both parties to show cause why Mr. Ibrahim's motion is, or is not,
untimely.  See Docket No. 3.

The government filed a response to the order to show cause seeking
dismissal of Mr. Ibrahim's motion.  Docket No. 6.  Mr. Ibrahim never responded

---

[1] Documents cited from this civil habeas file will be cited using the court's
assigned docket number.  Documents from Mr. Ibrahim's underlying criminal
case, United States v. Ibrahim, 4:21-CR-40070-KES (D.S.D.), will be cited
using the court's assigned docket number preceded by "CR."

to the order.  This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and DSD LR 72.1.

## FACTS

Mr. Ibrahim was indicted in this district for conspiracy to distribute a controlled substance.  CR Docket No. 1.  He entered a guilty plea to the indictment pursuant to a written plea agreement with the government.  CR Docket 36, 41.  The district court sentenced Mr. Ibrahim on October 31, 2022.  CR Docket No. 52 & 53.  An amended judgment was entered March 23, 2023.  CR Docket No. 59.  Mr. Ibrahim did not file a notice of appeal as to either judgment of conviction.

Mr. Ibrahim filed his instant motion seeking habeas relief on February 13, 2026.  Docket No. 1.  He alleges ineffective assistance of counsel because counsel did not inform him of the immigration consequences of his conviction.  Id.

## DISCUSSION

Motions under § 2255 are subject to a one-year statute of limitation that runs from the *latest* of four specified dates:

> (f)  A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> > (1)    the date on which the judgment of conviction becomes final;
> >
> > (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

2

such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

Only two of the above provisions are relevant here.  First, "the date on which the judgment of conviction becomes final."  Id.  A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]."  United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (For the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  The time for filing a petition for certiorari is 90 days after entry of the Court of Appeals' judgment.  Clay, 537 U.S. at 525.

In this case, Mr. Ibrahim did not appeal his sentence or conviction to the Eighth Circuit.  Thus, he cannot receive the benefit of the 90 days allotted for filing a petition of certiorari with the Supreme Court.  The district court

3

imposed sentence upon Mr. Ibrahim on March 23, 2023.[2]  CR Docket No. 59. Thus, under § 2255(f)(1), Mr. Ibrahim's judgment of conviction became final on April 6, 2023--he is entitled to receive credit for the 14 days in which he could have filed a notice of appeal to the Eighth Circuit.  See Fed. R. App. P. 4(b)(1)(A); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (an unappealed federal criminal judgment is final for purposes of § 2255's statute of limitation 10 days after the judgment is entered); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

Under § 2255(f)(1), Mr. Ibrahim's the statute of limitations began to run on April 6, 2023, and Mr. Ibrahim had until April 6, 2024, to file a § 2255 motion.  As Mr. Ibrahim did not file his § 2255 motion until February 13, 2026, his motion is clearly time-barred under that provision.

The second potential date on which Mr. Ibrahim's statute of limitations could have started running is "the date on which the facts supporting the claim . . . presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  Mr. Ibrahim states that he received notice in

---

[2] In order to give Mr. Ibrahim the benefit of the best case for his facts, the court assumes, without so holding, that the entry of the amended judgment by the court on March 23, 2023, is the operative judgment for purposes of calculating Mr. Ibrahim's statute of limitations.

August 2023 that immigration authorities would seek to remove him from the United States because of his conviction.  See Docket No. 1 at 2.  This notice received in August of 2023 was well within the "final judgment" limitations period and, had he wished to do so, Mr. Ibrahim could have asserted his ineffective assistance of counsel claim in a § 2255 motion prior to the running of the statute of limitations in his case.  He did not do so.  And even if the immigration notice constituted "new evidence," triggering the beginning of the running of Mr. Ibrahim's statute of limitations in August 2023, he also failed to file his § 2255 motion within one year from learning of this "new evidence" pursuant to § 2255(f)(4).

The one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.  Id.  A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances.  Holland, 560 U.S. at 649-50.  Equitable tolling represents "an exceedingly narrow window of relief."  Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

5

The burden of demonstrating that grounds exist for equitably tolling the limitations period in this case rests on Mr. Ibrahim.  Holland, 560 U.S. at 649. By not responding to the court's order to show cause, Mr. Ibrahim has failed to carry his burden.  Without the application of equitable tolling, Mr. Ibrahim's motion is time-barred.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends disimissing Ibrahim Nasr Ibrahim's § 2255 motion with prejudice as untimely.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), unless an extension of time for good cause is obtained.  FED. R. CIV. P. 6(b)(1), 72(b)(2).  Failure to file timely objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990). Objections must be timely and specific in order to require *de novo* review by the District Court.  Id. at 357–58.

Dated March 16, 2026.

BY THE COURT:

_____
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

6